ERNEST BEEG v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY.

Argued June 8, 1903—Decided November 9, 1903.

Plaintiff's wagon, while being driven by night along a highway and across defendant's tracks, was struck by a passenger train. The track, for a distance of two thousand feet or more in each direction, was open to the view of those approaching on the highway. The locomotive headlight was burning. Although the occupants of the wagon gave testimony that, standing alone, would indicate that they looked out for trains, the circumstances rendered it plain either that their testimony was not true or else that their observations were made in an entirely perfunctory and careless manner; verdict for plaintiff set aside on the ground of contributory negligence.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON and PITNEY.

For the plaintiff, *William S. Stuhr.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

PITNEY, J. A wagon and team of horses owned by the plaintiff were injured by one of defendant's trains in a crossing collision at Tyler Park, in Hudson county. The verdict awards damages to the plaintiff for his loss thus arising. The collision took place between twelve and one o'clock at night, in the month of January, 1901. The team and wagon were in charge of one Karcher, a driver employed by the plaintiff. He was accompanied by Thomas Beeg, the plaintiff's son. They were traveling westerly on a highway that crossed, at the place in question, the tracks of the Northern railroad (referred to in the evidence as the "Erie"), and also the tracks of defendant's railroad. Each railroad is double tracked. The most westerly rail of the Northern railroad lies fifty-five feet easterly from the most easterly rail of the Susquehanna road. Both railroads, at the crossing and for a long distance in either direction, are substantially level, straight and unobstructed. The wagon road crosses about at right angles, and is likewise practically level.

Both Karcher and young Beeg were entirely familiar with the crossing, having been accustomed to frequently travel that way at about the same hour of the night. Karcher's story is that on coming near to the tracks of the Erie road he stopped his wagon fifteen feet from the tracks, put on his brakes, walked forward across the two tracks of the Erie road and to the furthest track of the Susquehanna road, looked in each direction, saw and heard no train, went back

to his wagon and drove on towards the crossing; that he looked again and could see nothing, and when he arrived on the Susquehanna track he for the first time heard an engine whistle and saw the train about thirty or forty feet away. It was a northbound passenger train. It struck the rear part of the wagon and demolished it.

No flagman was on duty at this crossing at night, a fact with which Karcher was entirely familiar. He also knew that a train was due there at about that time. He says that this night was somewhat foggy, but the weight of evidence is that there was nothing in the way of fog other than a meadow mist, which amounted to nothing as an obstacle to the view.

Thomas Beeg corroborates Karcher as to the stopping of the wagon and the attempt made by Karcher to look out for trains by going on foot to the crossing. He also testifies that the night was rather foggy. He admits, however, that he could see certain electric lights along the line of the railway towards the south. These lights, according to a survey, are over two thousand feet from the crossing.

The evidence renders it manifest that for a distance of at least two thousand feet in each direction the view of defendant's railroad was unobstructed to a traveler approaching the crossing from the direction that this wagon approached. It is plain, from the circumstances, either that Karcher and Beeg are testifying to what is not true or else that their observations were made in an entirely perfunctory and careless manner, for they did not discover what must have been in plain view, according to the undisputed evidence, to wit, an approaching passenger train with a locomotive headlight brightly burning.

The evidence of contributory negligence on the part of the occupants of the wagon is so clear that the verdict cannot be sustained. *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180; *Pennsylvania Railroad Co.* v. *Leary,* 27 *Id.* 705; *Cantrell* v. *Erie Railroad Co.,* 35 *Id.* 277; *Winter* v. *New York and Long Branch Railroad Co.,* 37 *Id.* 677.

The rule to show cause will be made absolute.